# W. T. Chaffey *v.* S. L. Boggs, Appellant.

179  301<br>s179 307

*Affidavit of defense—Mortgage—Vendor and vendee—Defect of title.*

In an action upon a mortgage given for balance of purchase money, an affidavit of defense is sufficient which avers that a railroad company is in possession of a valuable part of the land covered by the mortgage under a title paramount to the title formerly held by the mortgagee, and which he undertook to convey, and that the mortgagor did not know of the claim of the railroad company to a part of said land until about the time his grantee was ousted therefrom, and that "as at present advised and informed, and as he believes and expects to be able to prove at the trial of this cause, the averments hereinbefore contained are true." In such a case a suit brought against the railroad company by the grantee of the mortgagor before the discovery of the paramount title by the company is not a bar to the defense presented by the affidavit, nor an impairment or qualification of it.

Argued Oct. 27, 1896. Appeal, No. 24, Oct. T., 1896, by defendant, from order of C. P. No. 3, Allegheny Co., Nov. T., 1895, No. 262, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias sur mortgage.

S. L. Boggs filed an affidavit of defense as follows:

That the mortgage upon which the writ has been sued out in this case is a purchase money mortgage, given on June 1, 1892, by defendant to plaintiff, to secure the balance, to wit, the sum of $2,400, of the purchase money agreed to be paid by the defendant to the plaintiff for a certain lot or piece of ground situated in O'Hara township, now the borough of Sharpsburg, in said county, and which the plaintiff sold and conveyed to the

defendant on June 1, 1892, for the price and consideration of
$3,200, by deed which is made part of this affidavit. The de-
fendant paid to plaintiff for said property the sum of $800, in
cash, and gave the said mortgage of $2,400 as security for the
balance of said purchase money; that the said plaintiff, in said
deed hereinbefore mentioned, gave to defendant the following
covenant of general warranty, to wit: " The said parties of the
first part, for themselves, their heirs, executors and administra-
tors, do by these presents covenant, grant and agree to and with
the said party of the second part, his heirs and assigns, that
they, the said parties of the first part, their heirs, all and singu-
lar the hereditaments and premises herein above described and
granted, or mentioned and intended so to be, with the appur-
tenances, unto the said party of the second part, his heirs and
assigns, against them, the said parties of the first part, and their
heirs, against all and every other person or persons whomsoever,
lawfully claiming or to claim the same or any part thereof, shall
and will warrant and forever defend; " that on the 16th day of
September, 1895, the Pennsylvania Railroad Company, lessee
of the Western Pennsylvania Railroad Company, broke down
the fence along the line of the said property, adjoining the right
of way of the said railroad company, and evicted the defendant's
grantee, hereinafter mentioned, therefrom, and took forcible
possession of a portion of the above described lot or piece of
ground, and has held possession of the same ever since; that
the said railroad companies claim that the title to a portion of
said lot or piece of ground is in the said railroad companies, and
not in the grantee of the defendant; that the strip of ground
so claimed by the said railroad companies is about twenty feet
in width at the northwesterly corner of the tract conveyed by
plaintiff to defendant, and extends westwardly, parallel with
the said railroad, preserving the same width, for about one hun-
dred feet, and extending a further distance of about ninety-five
feet, tapering to a point, and embraces, as nearly as affiant can
ascertain, about three thousand superficial feet, and extending
across the entire front of said property on the northerly side
thereof; that a portion of the buildings, which were erected and
standing upon said lot or piece of ground at the time it was sold by
the plaintiff to the defendant, is within the strip of ground to
which the said railroad companies now assert title and of which

they have taken possession; that the remainder of said lot or piece of ground, and the buildings thereon erected, excluding the portion thereof to which the railroad companies claim title and from which they have evicted the grantee of the defendant, was not worth over the sum of $800, at its fair market value; that the defendant, by deed of general warranty, dated on or about June 8, 1895, conveyed the said property to the Boggs-Jones Company, Limited; that by reason of the erection of buildings and machinery upon the premises by affiant, as well as by his grantee hereinbefore mentioned, before the discovery of the misrepresentations above set forth, and before the eviction of affiant's grantee as above described, it is impossible for affiant to rescind said contract and restore possession of the premises to the plaintiff upon repayment of the purchase money paid by him as aforesaid; that an action has been instituted by the grantees of the defendant, against the Pennsylvania Railroad Company, to establish and protect the title to the said strip of ground, and to recover damages for the eviction hereinbefore described, on September 19, 1895, in the court of common pleas No. 2, of Allegheny county, at No. 664, October term, 1895, and defendant calls upon the plaintiff to defend the title to the said strip of ground, and to aid and assist in the prosecution of said action.

He filed the following supplemental affidavit:

That the title under which the said railroad companies now hold possession of the said portion of the said tract of ground conveyed by the plaintiff to the defendant as aforesaid, is paramount to the title formerly held by the plaintiff, and which he undertook to convey by said deed to the defendant; that the said property was, in or about the year 1826, vested, in fee simple, in Alexander Johnston, and that the commonwealth entered upon the said property and constructed thereon certain works and structures, being a part of the Pennsylvania canal, by virtue of the authority of the acts of assembly of this commonwealth, and became thereby seized of said property in fee simple; and thereupon the said Alexander Johnston executed a release of his damages, said release being dated the 10th day of October, 1826, and recorded in the office of the secretary of internal affairs, and that said title became vested, by means of divers and sundry conveyances, in the said railroad

companies, and never was vested in the said W. T. Chaffey,
plaintiff; that affiant did not know of the rights and claims of
said railroad companies at the time of the sale and conveyance
by plaintiff to him of said tract of land, and did not discover
the same until about the time that said railroad companies
ousted his grantee therefrom and took possession of the same;
that affiant has endeavored, and is still endeavoring, to ascertain
more fully and particularly the rights of the said railroad com-
panies in the premises, and to exactly what portion thereof they
have title; that by proper legal proceedings in the said action
against said railroad companies, at affiant's instance, said rail-
road companies have been compelled to furnish a bill of particu-
lars of their title to said portion of said tract of land, which bill
of particulars has been served upon the plaintiff in said cause,
and is hereto attached, marked "Exhibit A," and made part
hereof; that there has not been sufficient time to enable him
to fully ascertain and more particularly set out the rights and
claims of said companies, but as at present advised and in-
formed, and, as he believes and expects to be able to prove
upon the trial of this cause, the averments hereinbefore con-
tained are true; that the said tract of land embraced in said
deed and mortgage fronts upon said railroad in an unusual man-
ner, the portion immediately adjacent to said railroad being sub-
stantially on a level therewith, and of convenient access thereto,
and that said tract of ground rapidly slopes away from said rail-
road, at a steep grade, and is so situated as to be almost useless
when deprived of the portion to which the title has failed, as
herein set forth, especially for the particular purpose for which
the same was purchased by affiant, and is now used, namely, a
manufacturing plant, requiring shipping facilities upon said
railroad; and that affiant and his said grantee have erected
buildings for the operation of said plant, in reliance upon the
plaintiff's title to the whole of said tract, and will suffer great
damage and loss by reason of the failure of said title, as afore-
said, to wit, the sum of seven thousand dollars; that notwith-
standing affiant's demand in his affidavit of defense that plaintiff
defend his title to said strip of ground, and aid and assist in the
prosecution of the action instituted by the present owners thereof,
to establish and protect the title thereto, the plaintiff has neg-
lected so to do, and has not communicated any facts or infor-

mation to affiant or to said owners, to aid and assist them in establishing his title thereto, nor has he made any claim that the title of said railroad companies thereto is not good.

Affiant further says that the commission of five per cent claimed by plaintiff, as attorney's commission upon this mortgage, is, under all the circumstances of the case, as hereinbefore stated, excessive, unreasonable and unjust; that affiant has not made any default upon said mortgage, and the action of the plaintiff in endeavoring to collect said mortgage immediately, and without aiding or assisting in any way in the endeavor to establish and protect the title conveyed by him, renders the amount claimed by him, as commission aforesaid, excessive, unreasonable and unjust in any event.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*William Yost*, for appellant.—In a scire facias suit upon a purchase money mortgage, the mortgagor may give in evidence, that part of the mortgaged premises had been evicted by a title paramount to that of the plaintiff, even though the conveyance contained no covenant warranting the title at all, upon the simple ground that the consideration had partly failed: Steinhauer v. Witman, 1 S. & R. 438; Hart v. Porter, 5 S. & R. 201; Lighty v. Shorb, 3 P. & W. 447; Smith v. Sillyman, 3 Whart. 599; Knepper v. Kurtz, 58 Pa. 484. It is wholly unnecessary for the defendant to rely upon his covenant of general warranty; he is entitled to set up the failure of consideration as against this purchase money mortgage, independent of any warranty whatever: Saalfield v. Manrow, 165 Pa. 114; Mahaffey v. Ferguson, 156 Pa. 156; Stephens v. Weldon, 151 Pa. 522; In re McGill, 6 Pa. 504; Dunn v. Olney, 14 Pa. 219; Anderson v. Best, 176 Pa. 500.

An actual entry and dispossession adversarily and lawfully made, under paramount title, will be an eviction. And whenever, at the present date, such a right is exercised, it is considered to have all the force and effect of a dispossession under legal process: Rawle on Covenants, 5th ed. sec. 133; Hamilton v. Cutts, 4 Mass. 350; Steiner v. Baughman, 12 Pa. 106;

Clarke v. McAnulty, 3 S. & R. 37; 19 Am. & Eng. Ency. of Law, 989.

*W. A. Challener,* with him *Clarence Burleigh,* for appellee.— The defendant nowhere alleges that he believes the title of the railroad company to be good. A mere assertion or claim of title is insufficient: Brick v. Coster, 4 W. & S. 494.

That the acts of the railroad company do not amount to an eviction by paramount title is shown by the pendency of the suit in trespass against said company for those very acts : Ludwick v. Huntzinger, 5 W. & S. 58; Rawle on Covenants for Title, 133; Spear v. Allinson, 20 Pa. 300; Devlin on Deeds, sec. 925.

OPINION BY MR. JUSTICE McCOLLUM, January 4, 1897 :

This is an appeal from a judgment for want of a sufficient affidavit of defense. The judgment was entered in a suit upon a mortgage on land sold and conveyed by the mortgagee to the mortgagor with a warranty of title. The mortgage was given for the balance of the purchase money. The mortgagee is the plaintiff in the suit, and the mortgagor and his grantee are the defendants in it. The question presented by the appeal is whether the affidavits filed by the mortgagor were sufficient to prevent judgment. The affidavits may and should be considered together. It is distinctly averred in them that the Pennsylvania Railroad Company, lessee of the Western Pennsylvania Railroad Company, has taken, and now holds possession of a valuable part of said land under a title paramount to the title formerly held by the mortgagee, and which he undertook to convey by his deed to the mortgagor. It is also averred by the mortgagor that he did not know of the claim of the railroad company to a part of said land until about the time his grantee was ousted therefrom, and that "as at present advised and informed, and as he believes and expects to be able to prove on the trial of this cause, the averments hereinbefore contained are true." It seems to us that these averments were sufficient to prevent judgment. The suit brought against the railroad company by the grantee of the mortgagor is not a bar to the defense presented by the affidavits, nor an impairment or qualification of it. The discovery of the existence of a paramount title in the railroad company appears to have been subsequent

to the institution of that suit.   The rule for judgment specified but one defect in the original affidavit of defense, and that was that it did not sufficiently allege the existence of paramount title in the railroad company.   The rule was taken before the supplemental affidavit was filed, and this contained a plain averment which supplied the alleged defect in the first.   The only specification of any defect in either affidavit was the one we have referred to.   The single question, therefore, to which the attention of the court was directed, was whether the existence of paramount title in the railroad company was averred.   As already indicated we think the court erred in holding that it was not.   Briefly stated, the defense interposed by the mortgagor is that the railroad company has taken and now holds possession under paramount title of the most valuable part of the land the mortgagee sold, and by his deed undertook to convey to him.   The averments in the affidavits sufficiently disclosed this defense, and he should be allowed an opportunity to establish it by evidence.

Judgment reversed and procedendo awarded.